IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-402-D

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., and DENISE PAYNE, </br> Plaintiffs, </br></br> v. </br></br> WAFFLE HOUSE, INC., </br> Defendant. | **ORDER** |

On July 1, 2012, National Alliance for Accessibility, Inc. ("National Alliance"), and Denise Payne ("Payne") (collectively, "plaintiffs") filed suit under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189, against Waffle House, Inc. ("Waffle House") [D.E. 1]. On August 29, 2012, Waffle House moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing [D.E. 10]. Plaintiffs responded in opposition to the motion to dismiss [D.E. 12–13] and Waffle House replied [D.E. 15]. Plaintiffs then filed a notice of correction [D.E. 16], which Waffle House has moved to strike [D.E. 17].

The court is very familiar with Article III's standing requirements and the governing standard. The relevant facts of this case are essentially indistinguishable from other recent cases involving Payne that were dismissed for lack of standing. See, e.g., Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 5:11-CV-741-FL, 2012 WL 3835870, at * 3–4 (E.D.N.C. Sept. 4, 2012) (unpublished); Payne v. Sears, Roebuck & Co., No. 5:11-CV-614-D, 2012 WL 1965389, at * 2–8 (E.D.N.C. May 31, 2012) (unpublished). Following the reasoning in those cases, the court concludes that Payne lacks standing to pursue claims against Waffle House.

Because Payne lacks standing, National Alliance lacks associational standing. See, e.g., Sears, 2012 WL 1965389, at *9. Furthermore, because National Alliance's suit against Waffle House to enforce ADA compliance appears to be the consummation of the organization's purpose, National Alliance has not alleged an injury to the organization itself and therefore lacks organizational standing. See, e.g., Goldstein v. Costco Wholesale Corp., 278 F. Supp. 2d 766, 769–72 (E.D. Va. 2003); Clark v. Burger King Corp., 255 F. Supp. 2d 334, 344–45 (D.N.J. 2003).

In sum, plaintiffs have not alleged facts that establish Article III standing. Accordingly, the court does not have subject-matter jurisdiction over plaintiffs' claims and GRANTS Waffle House's motion to dismiss [D.E. 10]. Waffle House's motion to strike is DENIED AS MOOT [D.E. 17].

SO ORDERED. This 11 day of January 2013.

JAMES C. DEVER III
Chief United States District Judge